UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                        Criminal No. 10-cr-089-01-PB

Jason Mode

**O R D E R**

On July 8, 2011, the defendant appeared for a bail revocation hearing pursuant to 18 U.S.C. § 3148.  The background is as follows: On October 9, 2007, Defendant pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On June 4, 2010, supervision of defendant was transferred from Vermont to New Hampshire.  On April 22, 2011, defendant was released on bail following his initial appearance in this court on a charge of violation of supervised release.

The violation charges that defendant committed the crimes of Simple Assault and Criminal Threatening, stemming from an incident on April 24, 2011, with his girlfriend, Jaime Kuczewski.  At defendant's initial appearance on that charge, the court imposed, inter alia, a condition that defendant have no contact with Kuczewski.

The government alleges that since defendant's release on bail, he has had repeated contact with Kuczewski and has

deceived his probation officer, Daniel Gildea, U.S. Probation Officer-In-Charge, about that contact.

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
> > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> >
> > (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> >
> > (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1). If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger

to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2).  Otherwise, the government typically has the burden to prove by a preponderance of the evidence facts to satisfy the requirements of section 3148(b)(2)(A) or (B).  <u>Aron</u>, 904 F.2d at 224; <u>United States v. Poinsett</u>, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

In this case, defendant conceded that the government had clear and convincing evidence to establish that he violated the conditions of his bail as charged.  Thus, the only question before the court was whether to release the defendant.  Mr. Gildea testified at the detention hearing.  At the close of evidence, and after listening to lengthy arguments from counsel, as well as a statement from defendant, the court issued its ruling orally from the bench, and explained in detail the basis for the court's decision to detain defendant pending his revocation hearing.  In short, the court was persuaded to detain the defendant based on the following:

- Although defendant disputes that he is a danger to either himself or Kuczewski, defendant did not dispute that he had repeatedly, even flagrantly, violated the court order that he have no contact with Kuczewski.  The evidence showed that defendant engaged in direct contact with Kuczewski while on release.  The contact included, in-

3

Case 1:10-cr-00089-PB   Document 12   Filed 07/11/11   Page 4 of 6

person contact, as well as hundreds of text messages and daily phone calls.[1]  Defendant was aware that contact with Kuczewski was a violation of his bail order, yet he engaged in ongoing, daily contact with her while on release.

- According to defendant, he was enticed by Kuczewski to engage in contact with Kuczewski.  While Kuczewski was claiming to be fearful of defendant, she also bought him a separate cell phone (that defendant's probation officer was not aware of) so that defendant could have contact with her in a manner that would go undetected by his probation officer.

- Defendant argued that he lacked self-control while around Kuczewski, in that he could not withstand Kuczewski's advances as she is older, more mature, and skilled at manipulating him.  That argument could not, however, explain why defendant repeatedly deceived his probation officer about his contact with Kuczewski.  Gildea asked defendant on <u>every single</u> occasion he came into contact with defendant whether he was having contact with

---

[1] The government introduced evidence of purported email and other correspondence between defendant and Kuczewski.  Defendant objected to its introduction on grounds of lack of foundation and authenticity.  The court neither reviewed that evidence nor considered it in reaching its findings.

4

Kuczewski, and on each occasion, defendant assured Gildea that he was not having contact with Kuczewski.  Gildea testified that he and defendant spoke on the telephone "all the time" and saw each other at least once weekly.

- There were factors that counseled in favor of release, including defendant's job, stable residence, ongoing counseling, and compliance with his other conditions of release.  However, the defendant's deceit to his probation officer, his flagrant defiance of the "no contact" order, and Gildea's testimony about defendant's anger issues and obsessive behavior toward Kuczewski established that defendant would not abide by conditions of bail, particularly conditions designed to prohibit his further contact with Kuczewski pending the revocation hearing.
- The government introduced a recent mental health evaluation of defendant that portrays defendant as having serious anger management issues.  The mental health evaluation was consistent with Gildea's considered judgment that, if released on conditions, defendant posed a risk of danger to himself and to Kuczewski.

For all of the reasons stated on the record, and based on the evidence presented at the hearing, the court found that defendant is unlikely to abide by any condition or combination of conditions of release, 18 U.S.C. § 3148(a)(2)(B), and that detention is warranted.  The conditions of release are revoked.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  July 11, 2011
cc:  Jonathan R. Saxe, Esq.
     Jennifer C. Davis, Esq.
     U.S. Probation
     U.S. Marshal